# IN THE COURT OF APPEALS OF IOWA

No. 16-2124
Filed February 22, 2017

IN THE INTEREST OF R.R.,
Minor child,

M.E., Mother,
        Appellant.
_____

Appeal from the Iowa District Court for Polk County, Rachael E. Seymour, District Associate Judge.

A mother appeals the termination her parental rights.  **AFFIRMED.**

Nancy A. Trotter, Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Gretchen Witte Kraemer, Assistant Attorney General, for appellee State.

Jessica A. Millage of Millage Law Firm, P.C., Des Moines, guardian ad litem for minor child.

Erin M. Hardisty of Youth Law Center, Des Moines, attorney for child.

Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VOGEL, Judge.**

A mother appeals the termination of her parental rights to her child.[1]

## I.     Background Facts and Proceedings

R.R., born 2007, came to the attention of the Iowa Department of Human Services (DHS) in April 2015, upon allegations the mother, who was R.R.'s sole caretaker, was using methamphetamine.  In March, as part of another case, the mother provided a hair sample for drug testing, which tested positive for methamphetamine.  The mother claimed the positive result was due to a relapse in December 2014.  The mother agreed to a substance-abuse evaluation and a mental-health evaluation.  She also provided another drug screen, which was again positive for methamphetamine.

On April 30, due to ongoing concerns about the mother's continued drug use and allegations that the mother was selling drugs out of the home, R.R. was removed from the home and placed in foster care.  A hair stat drug screen revealed he had been exposed to methamphetamine in the mother's home.  The mother agreed to participate in protective and reunification services, including substance-abuse evaluations and treatment programs, and mental-health evaluations and treatment programs.  On July 21, the district court adjudicated R.R. a child in need of assistance and continued his placement in foster care.

Despite services offered through the DHS, the mother made little progress in her substance-abuse treatment.  The mother was sporadic in attending treatment sessions and missed several random drug-testing screens from August 2015 through March 2016.  At the mother's request, the DHS agreed to switch to

---

[1] The putative father's parental rights were also terminated, but he does not appeal.

sweat patch drug testing, but the mother initially refused to have one applied. In March 2016, the mother was recommended for a group-treatment program. She attended five sessions but was unsuccessfully discharged in late June. In May 2016, the mother tested positive for methamphetamine on a sweat patch screen. From that date forward, she refused to have another sweat patch applied. Throughout the case, the mother tested positive for methamphetamine several times and never provided a negative drug screen.

The mother also struggled to make progress in her mental-health treatment. She met with a therapist sporadically throughout the case but resisted completing the suggested psychological assessment. Her relationship with her therapist was volatile, including one incident where the mother was yelling so loudly it prompted the therapist's coworkers to verify the situation was under control. She met with a psychologist once and was prescribed medications; however, she missed her follow-up appointment and was unable to refill her medications.

Following permanency review hearings on February 18, 2016, and April 19, 2016, R.R. continued in foster care. On June 13, after more than one year of offered services, the State filed a petition to terminate the mother's parental rights. The matter came on for hearing on August 17 and September 15. The mother contested the termination but admitted to using methamphetamine and marijuana between the two hearing dates. On November 30, the district court terminated the mother's parental rights under Iowa Code section 232.116(1)(f) (2016). The mother appeals.

## II.     Standard of Review

We review proceedings regarding termination of parental rights de novo, giving weight to the factual findings of the lower court, while not being bound by them. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).

## III.     Statutory Grounds for Termination

Iowa Code section 232.116(1)(f) permits termination if:

The court finds that all of the following have occurred:
(1) The child is four years of age or older.
(2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
(3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
(4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

The mother argues the State failed to prove by clear and convincing evidence the child could not be returned to her custody and that termination was not in the best interests of the child.

Based on the record, we agree with the district court that significant barriers exist that prevent the child from being returned to the mother. The mother failed to complete the suggested treatment programs, missed drug screens on several occasions, and tested positive for methamphetamine on multiple occasions throughout the pendency of the case. As the case progressed, the mother became more and more resistant to services offered through the DHS and eventually stopped submitting to drug screens altogether. She also struggled with mental-health issues. She attended treatment sporadically, missed follow-up appointments, and failed to secure refills of

medication she was prescribed. In addition, she admitted during the termination hearing that the child could not be returned to her care at the present time and provided no timeline as to when the child could be returned to her.

The district court determined the mother had not addressed the issues that led to removal and returning R.R. to her custody would subject the child to further adjudicatory harm:

> The Court finds that in general, Mother's testimony shows she continues to lack insight into her own substance abuse and mental health issues and choses to focus on her perceived shortcomings by the providers. . . . [I]t is equally clear Mother has [not] remedied the issues which led to removal. She has not participated in Child's mental health services or taken accountability for her decisions which have negatively impacted this child. The FSRP provide[r] testified Mother has only attended half of her offered visits. The provider also testified that when Mother fails to appear for visits the child appears sad. She has not consistently participated in individual therapy. She failed to meaningfully complete her psychological evaluation. She continues to have unresolved depression, anxiety and anger issues which impact her daily functioning. These concerns have been noticed by multiple providers. Mother continued to provide a variety of reasons she had not consistently participated in visitation, substance abuse treatment, and mental health services. Those explanations ranged from her pet turtle being run over to DHS not provid[ing] transportation assistance. Mother has had the opportunity to engage in services, unfortunately, she failed to take advantage of those ordered services. Mother admitted during her testimony that she could not resume care today and could not provide a time frame as to when she would be in a position to do so. Although Mother loves this child, she cannot safely resume care for him, and he has already been removed from her custody for 17 months. At some point Mother's desires must give way to this child's need to grow up in a stable home where his basic needs, as well as his emotional needs, will be met on a consistent basis.

The mother's appeal suggests we look past the evidence in the record and the observations of the district court because "[t]his mother had raised two children, while using substances, with no discernible problems." We reject this argument

and agree with the district court there was clear and convincing evidence the child could not be returned to the mother.

## IV.     Best Interests

In accordance with Iowa Code section 232.116(2), the district court considered "whether termination is in the best interest of the child."  The court stated:

> Unfortunately, the safety concerns that led to removal continue to exist today.  The [mother's] lack of participation in services shows an inability or unwillingness to make necessary changes to have the child placed in [her] care.  It is not in this child's best interest to continue to suspend the crucial days of childhood while the [mother] experiments with ways to face up to [her] own problems.

"[W]e cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child."  *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010).  We agree it was in the child's best interest to terminate the mother's parental rights and nothing militated against termination.  *See* Iowa Code § 232.116(3).

## V.     Conclusion

We agree the State proved by clear and convincing evidence the mother's parental rights should be terminated under section 232.116(1)(f).  We also agree with the district court that termination is in the child's best interests.  We therefore affirm the termination of the mother's parental rights.

**AFFIRMED.**